UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LAMONT CROSSLEY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TULARE COUNTY SHERIFF, et al.,<br><br>　　　　Defendants. | **1:21-cv-01758-GSA-PC**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND OR NOTIFY COURT**<br><br>**(ECF No. 1.)**<br><br>**ORDER FOR PLAINTIFF TO EITHER:**<br><br>　**(1)  FILE AN AMENDED COMPLAINT,**<br>　　**OR**<br>　**(2)  NOTIFY THE COURT THAT HE WISHES TO PROCEED WITH THE ORIGINAL COMPLAINT**<br><br>**DEADLINE: <u>JULY 10, 2023</u>** |

**I.　BACKGROUND**

　　Robert Lamont Crossley ("Plaintiff") is a former jail inmate proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On December 13,

2021, Plaintiff filed the Complaint commencing this action which is now before the Court for screening. 28 U.S.C. § 1915. (ECF No. 1.)

## II.    SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915I(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.   SUMMARY OF COMPLAINT

Plaintiff is presently out of custody. At the time the events at issue in the Complaint, Plaintiff was an inmate at the Bob Wiley Detention Facility in Visalia, California, in the custody of the Tulare County Sheriff. Plaintiff names as defendants the Tulare County Sheriff, Deputy Sergeant Scotty, Deputy Caldron, and Deputy Osuna ("Defendants").

Plaintiff's allegations follow:

**Claim #1** – Excessive Force, Retaliation

I have been subject to excessive force multiple times, from slammed fingers broken, teeth chipped, hair pulled out, kneed in testicles.  Each situation happens while I'm handcuffed or in in Kelly chains, with no way to pose any threat.

**Claim #2** – Threat to Safety, Retaliation

I was told that if my actions continued I would see the same results.  Basically, if I continue to voice my complaints, I will keep being subject to force.

**Request for Relief**

Plaintiff requests 15 million dollars compensation

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also

Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.   Rights of Pretrial Detainees

It appears that Plaintiff was a pretrial detainee at the time of the events at issue.[1] "[P]retrial detainees . . . possess greater constitutional rights than prisoners." Stone v. City of San Francisco, 968 F.2d 850, 857 n.10 (9th Cir. 1992); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987).

"If a plaintiff "had not been convicted of a crime, but had only been arrested, [then] his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment." Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002); see also Bell v. Wolfish, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied upon in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions").

Therefore, Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of

---

[1] If Plaintiff was not a pretrial detainee at the time of the events at issue, he should so indicate in any amended complaint.

the Due Process Clause of the Fourteenth Amendment." <u>Pers. v. Jones</u>, No. 221CV1522WBSDMCP, 2023 WL 1824548, at *3 (E.D. Cal. Feb. 8, 2023), <u>report and recommendation adopted,</u> No. 221CV1522WBSDMCP, 2023 WL 2655779 (E.D. Cal. Mar. 27, 2023) (citing <u>Mendiola-Martinez v. Arpaio</u>, 836 F.3d 1239, 1246 (9th Cir. 2016); <u>see also</u> <u>Byrd v. Maricopa Cnty. Bd. of Supervisors</u>, 845 F.3d 919, 924 (9th Cir. 2017) ("The Fourteenth Amendment, and not the Eighth Amendment, governs cruel and unusual punishment claims of pretrial detainees."). While the Eighth Amendment standard to prove deliberate indifference is clear (the official must have a subjective awareness of the risk of harm), the deliberate indifference standard under the Fourteenth Amendment is less clear. <u>Id.</u> (citing <u>see</u> <u>Castro v. Cnty. of Los Angeles</u>, 833 F.3d 1060, 1069 (9th Cir. 2016)). In <u>Castro</u>, the Ninth Circuit addressed the Supreme Court's decision in <u>Kingsley v. Hendrickson</u>, 576 U.S. 389 (2015), which applied an *objective* deliberate indifference standard to the excessive force claim of a pretrial detainee. <u>Id.</u> (citing <u>Castro</u>, 833 F.3d at 1068–70).

As explained in <u>Castro</u>, <u>Kingsley</u> "rejected the notion that there exists a single 'deliberate indifference' standard applicable to *all* § 1983 claims, whether brought by pretrial detainees or by convicted prisoners." <u>Id.</u> (quoting <u>Castro</u>, 833 F.3d at 1069 (recognizing that <u>Kingsley</u> did not limit its holding to "force," and applying objective standard to "failure-to-protect" claim of pretrial detainee, overruling prior precedent that identified a single deliberate indifference standard for all § 1983 claims).

Thus, unless there is evidence of intent to punish, then those conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' rights to be free from punishment. See <u>Block v. Rutherford</u>, 468 U.S. 576, 584 (1984) (citing <u>Bell</u>, 441 U.S. at 538-39); <u>Pierce v. County of Orange</u>, 526 F.3d 1190, 1205 (9th Cir. 2008); <u>Demery v. Arpaio</u>, 378 F.3d 1020, 1028-29 (9th Cir. 2004) (holding that streaming live images of pretrial detainees to internet users around the world through the use of world-wide web cameras was not reasonably related to a non-punitive purpose, and thus, violated the Fourteenth Amendment); <u>Simmons v. Sacramento Cnty. Super. Ct.</u>, 318 F.3d 1156, 1160-61 (9th Cir. 2003); <u>Valdez v. Rosenbaum</u>, 302 F.3d 1039, 1045 (9th Cir. 2002); <u>White v. Roper</u>, 901 F.2d 1501,

1504 (9th Cir. 1990); see also Florence v. Board of Chosen Freeholders of Cnty. of Burlington, 132 S. Ct. 1510, 1515-16 (2012).  Order and security are legitimate penological interests.  See White, 901 F.2d at 1504.

### B.    Supervisory Liability and Personal Participation

Plaintiff names the Tulare County Sheriff as a defendant.  It is not clear from Plaintiff's Complaint whether Plaintiff seeks to sue the Tulare County Sheriff's Department or the Sheriff as an individual.

#### 1.    Sheriff's Department

On February 28, 2023, the Ninth Circuit issued its decision in Duarte v. City of Stockton, clarifying that municipal police departments and sheriff's departments are "persons" within the meaning of § 1983, and are therefore proper defendants. No. 21-16929, 2023 WL 2028432, at *6 (9th Cir. Feb. 16, 2023).  Johnson v. Solano Cnty. Sherriff, No. 222CV02061DADCKDPS, 2023 WL 2278409, at *4 (E.D. Cal. Feb. 28, 2023).  Therefore, the Tulare County Sheriff's Department is a person within the meaning of § 1983 and therefore a proper defendant.

However, Plaintiff has not properly alleged a claim against the Sheriff's Department. A municipality may not be vicariously liable under § 1983 for an injury caused by its employee or agent. Id. (citing see Monell v. Dep't of Soc. Services of City of New York, 436 U.S. 658, 694 (1978). However, municipalities may be held liable as "persons" under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  Id. (quoting Monell, 436 U.S. at 694, 98 S. Ct. 2018.  A plaintiff may also establish municipal liability by demonstrating that (1) the constitutional tort was the result of a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity;" (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or (3) an official with final policy-making authority "delegated that authority to, or ratified the decision of, a subordinate." Id. (quoting Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008)). Plaintiff's Complaint does not allege any injuries that resulted from a longstanding custom, policy, or practice by the Tulare County Sheriff's Department.

Accordingly, Plaintiff has not properly pled a § 1983 claim against the Tulare County Sheriff's Department.

### 2. The Sheriff as Supervisor

The Tulare County Sheriff holds a supervisory position. A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§] 1983." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Therefore, to the extent that Plaintiff seeks to impose liability upon the Tulare County Sheriff or any of the other defendants in their supervisory capacity, Plaintiff fails to state a claim.

### 3. The Sheriff and Other Defendants as Individuals

If Plaintiff wishes to bring a claim against the Sheriff or any other named Defendant as an individuals under § 1983, Plaintiff must demonstrate that the individual Defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676-77. Plaintiff must link each of the named Defendants to their personal participation in the violation at issue. Id. at 662; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934 (9th Cir. 2002). There must exist some causal connection between the conduct of each named Defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75(9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

In the Complaint, Plaintiff fails to allege facts showing that any of the individual Defendants personally acted against him. In fact, Plaintiff fails to attribute any personal act to

any of the named Defendants. Plaintiff alleges that he was subject to excessive force, retaliation, and threat to safety, but Plaintiff has not alleged that an individual named Defendant personally acted to violate Plaintiff's rights. Plaintiff cannot state a claim against the Defendants unless he demonstrates in his allegations how each individually named Defendant, identified by name, personally acted or failed to act, violating Plaintiff's rights. Plaintiff may not attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor, 880 F.2d at 1045.

Based on the foregoing, Plaintiff fails to state a cognizable claim against any of the Defendants.

### C.  Failure to Protect – Fourteenth Amendment Claim

A pretrial detainee is not protected by the Eighth Amendment's Cruel and Unusual Punishment Clause because he has not been convicted of a crime. Cortez v. Hart, No. 22-CV-06023 EJD (PR) (N.D. Cal. Mar. 27, 2023), 2023 WL 2652241, at *2 (citing see Bell, 441 U.S. at 535 & n.16). A pretrial detainee instead is protected from punishment without due process under the Due Process Clause of the Fourteenth Amendment. Id. (citing see United States v. Salerno, 481 U.S. 739, 746-47 (1987); Bell, 441 U.S. at 535-36)). But under both clauses, an inmate bringing a failure-to-protect claim must show that the prison official acted with deliberate indifference. Id. (citing Castro, 833 F.3d 1068).

But whereas a convicted prisoner must prove an individual defendant's subjective awareness of a risk of harm in order to prevail on a failure-to-protect claim under the Eighth Amendment, a pretrial detainee need not do the same in order to prevail on a failure-to-protect claim under the Fourteenth Amendment. Id. (citing Castro at 1068-70 (holding that objective standard of Kingsley, 135 S. Ct. 2466, applicable to excessive force claims brought by pretrial detainees, also applies to failure-to-protect claims brought by pretrial detainees)).

Specifically, a pretrial detainee need not "prove an individual defendant's subjective intent to punish in the context of a . . . failure-to protect claim." Id. (citing Castro at 1070. A pretrial detainee who asserts a due process claim for failure to protect instead must prove "more

than negligence but less than subjective intent -- something akin to reckless disregard." <u>Id.</u> (quoting <u>Castro</u> at 1071).

The elements of a pretrial detainee's due process failure-to-protect claim against an individual officer are:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

<u>Id.</u> (citing <u>Castro</u> at 1071 (footnote omitted)). With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case. <u>Id.</u> (citing <u>Castro</u> at 1071 (citing <u>Kingsley</u>, 135 S. Ct. at 2473). <u>See</u>, <u>e.g.</u>, <u>Castro</u> at 1071-73 (substantial evidence supported jury's verdict for plaintiff on failure-to-protect claim where defendants understood that placing intoxicated plaintiff in a cell with an enraged and combative inmate, when the cell had no audio or video surveillance and only occasional monitoring, could lead to serious violence against plaintiff).

Plaintiff alleges that his safety was threatened by Defendants when he was housed at the Bob Wiley Detention Facility in Visalia, California. However, the current allegations are insufficient to state a failure to protect claim because they do not satisfy all the elements under <u>Castro</u>, 833 F.3d at 1071, to establish how <u>each individually named</u> Defendant acted with deliberate indifference. Plaintiff shall be afforded an opportunity to file an amended complaint to attempt to allege sufficient facts to support a failure to protect claim under the Fourteenth Amendment

   **D.**  **<u>Excessive Force – Fourteenth Amendment Claim</u>**

To prevail on a Fourteenth Amendment excessive force claim, a detainee must show that a defendant purposely or knowingly used force against him that was objectively unreasonable. Kingsley, 135 S. Ct. at 2473. Whether the force is objectively unreasonable turns on the "facts and circumstances of each particular case." Id. at 2473 (quoting Graham, 490 U.S. at 396). This determination is to be made "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. "A court must also account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.' " Id. at 2473 (quoting Bell, 441 U.S. at 540.

Plaintiff may be able to state a claim for use of excessive force against one or more of the Defendants. However, Plaintiff's Complaint does not allege who used force against him, when and where a named Defendant broke his fingers, chipped his teeth, pulled his hair out, and kneed him in the testicles. To state an excessive force claim, Plaintiff must name a Defendant and allege facts showing how, when, where, and under what circumstances that Defendant used force against him that was unreasonable under those circumstances. Plaintiff should also describe his injuries, if any, from each time excessive force was used against him. Plaintiff has not done so, and therefore he fails to state a claim for use of excessive force against any of the Defendants.

### E. Retaliation – First Amendment Claim

"Prisoners have a First Amendment right to file grievances [and lawsuits] against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). To state a cognizable retaliation

claim, Plaintiff must establish a nexus between the retaliatory act and the protected activity. Grenning v. Klemme, 34 F.Supp.3d 1144, 1153 (E.D. Wash. 2014).

The Rhodes standard for retaliation claims applies equally to pretrial detainees. Chavez v. Kings Cnty., No. 120CV00369EPGPC, 2020 WL 4936911, at *9 (E.D. Cal. Aug. 24, 2020), report and recommendation adopted, No. 120CV00369AWIEPGPC, 2020 WL 7074807 (E.D. Cal. Dec. 3, 2020) (citing see Grenning v. Bisson, 382 F. App'x 574, 575 (9th Cir. 2010) (applying Rhodes to reverse dismissal of pretrial detainee's retaliation claim); Nyland v. Calaveras Cty. Sheriff's Jail, 688 F. App'x 483, 485 (9th Cir. 2017) (applying Rhodes to affirm dismissal of pretrial detainee's retaliation claim)." Kakowski v. Cty. of Sacramento, 2019 WL 4571942, at *3 (E.D. Cal. Sept. 20, 2019)).

Plaintiff alleges that he was threatened with force against him because he complained about something. To state a retaliation claim, Plaintiff must explain what he complained about, when, and how (such as filing a grievance or lawsuit) and what a named Defendant did to Plaintiff to discourage him from making further complaints. Moreover, Plaintiff must show who retaliated against him, when and how the named Defendant retaliated against him, and for what constitutionally protected activity, and show how that Defendant threatened him or took adverse action against him *because* of Plaintiff's protected activity. Plaintiff has not done so in the Complaint and accordingly Plaintiff fails to state a cognizable retaliation claim.

**V.      CONCLUSION**

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Complaint against any of the individual Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Plaintiff shall be granted leave to file an amended complaint if he wishes. However, Plaintiff is not required to file an amended complaint. Instead, Plaintiff may choose to proceed with the original Complaint, despite its deficiencies, in which case the Court shall recommend to the district judge that this case be dismissed for failure to state a claim. **On or before July 10, 2023**, Plaintiff shall either (1) notify the Court that he wishes to proceed with the original Complaint, or (2) file a First Amended Complaint curing the deficiencies found in the Complaint

by the Court.

If Plaintiff chooses to amend the Complaint, the First Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is also advised that he has not been granted leave to include allegations of events occurring after the initiation of this lawsuit on December 13, 2021.

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey, 693 F.3d at 907 n.1, and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint be either dismissed for failure to state a claim with leave to amend, or Plaintiff shall notify the Court that he does not choose to amend;

2. **On or before July 10, 2023**, Plaintiff shall **EITHER**:

    **(1)** Notify the Court that he wishes to proceed with the original Complaint, in which case the Court shall recommend that this case be dismissed for failure to state a claim;

    **OR**

    **(2)** File a First Amended Complaint following the instructions set forth above and below which cures the deficiencies found in the Complaint by the Court.

3. The Clerk's Office shall send Plaintiff a civil rights complaint form;

4. Plaintiff shall caption the amended complaint, if any, "First Amended Complaint" and refer to the case number 1:21-cv-01758-GSA-PC; and

5. If Plaintiff fails to comply with this order, the Court may recommend that this case be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **June 1, 2023**                        **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE