UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROBERT LAMOUNT CROSSLEY, | No. 1:21-cv-01758 GSA (PC) |
|---|---|
| Plaintiff, | SCREENING ORDER (SECOND AMENDED COMPLAINT) |
| v. | (ECF No. 14) |
| SHERIFF BOUDREAUX, et al., | ORDER AND FINDINGS AND RECOMMENDATIONS |
| Defendants. | ORDER FINDING THAT CLAIM ONE A STATES CLAIMS UPON WHICH RELIEF MAY BE GRANTED |
| | (See ECF No. 14 at 3-4) |
| | ORDER RECOMMENDING THAT CLAIM TWO BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| | (See ECF No. 14 at 4) |
| | PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATIONS DUE IN FOURTEEN DAYS |

Plaintiff, a former pretrial detainee proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court is Plaintiff's second amended complaint ("SAC"). ECF No. 14. For the reasons stated below the Court finds that Plaintiff's complaint states viable Fourteenth Amendment failure to protect and excessive force claims against Defendants Scotty, Osuna, and Calderon in Claim One, and they can be served. However, the SAC fails to raise a viable failure to protect claim against Defendant Boudreaux. Therefore, the undersigned will recommend that Claim Two that Plaintiff has raised against Defendant Boudreaux be dismissed for failure to state a claim upon which relief may be granted. Plaintiff will have fourteen days to file objections to this order.

I.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1176 (9th Cir. 2021) (citing Iqbal). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal

conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

Finally, under Federal Rules of Civil Procedure 18 and 20, the claims raised against a party in a complaint should be related. In addition, defendants should only be joined in an action if it can be alleged that they are liable for the "same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." See Fed. R. Civ. P. 18(a) and 20(a)(2).

## II.   STANDARD OF REVIEW

### A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### B. Linkage Requirement

In addition, under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington County, State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious

3

1 liability in Section 1983 actions, a plaintiff must plead sufficient facts showing that the official
2 has violated the Constitution through his own individual actions by linking each named defendant
3 with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.
4 Iqbal, 556 U.S. at 676.

### III.   PLAINTIFF'S COMPLAINT

#### A.   Facts Alleged

Plaintiff, a former pretrial detainee at the time of the incident in question, was incarcerated at the Tulare County Jail.  See ECF No. 14 at 3.  He names Deputy Sergeant Scotty; the Sheriff of Tulare County, Mike Boudreaux; Deputy Caldron, and Deputy Osuna as Defendants in this matter.  Id. at 1-3.

#### 1.   Claim One:  Excessive Force

In Claim One, Plaintiff contends that his Fifth, Eighth, and Fourteenth Amendment rights were violated when Defendants assaulted him while he was shackled and cuffed in wrist, belly and ankle chains.  See ECF No. 14 at 3, 5.  Specifically, Plaintiff states that Defendant Calderon "slammed" him face first against a wall, chipping two of his teeth, and that all three deputies dragged him into a holding cell, while Defendant Scotty started yelling at him and telling him to stop spitting.  Id. at 3.  Thereafter, Plaintiff claims that Defendant Scotty grabbed him by his hair and slammed his head into a wall, multiple times, pulling out his hair in the process.  Id.

Plaintiff goes on to allege that next all three employees [pile] on him, and then Defendant Osuna kneed him in his testicles about three times before other responding staff stepped in and intervened.  ECF No. 14 at 3-4. He states that he never posed a danger and that he never tried to assault staff or spit on anyone.  Id. at 5.

#### 2.   Claim Two:  Failure to Protect

In Claim Two, Plaintiff again alleges that his Fifth, Eighth, and Fourteenth Amendment rights were violated because he had a right to be protected, yet Defendant Boudreax failed to even investigate the abuse that was being done by staff, employees, and prison officers.  Plaintiff contends that Defendant Boudreaux neglected his duties to protect those who were placed in his jail.  See ECF No. 14 at 4.

B. Remedy Sought

Plaintiff seeks compensation from Defendants in the amount of $15,000.000 and acknowledgement that what took place was wrong and won't happen to anyone else. ECF No. 14 at 5.

IV. APPLICABLE LAW

A. Excessive Force

When determining whether the force deliberately used on a pretrial detainee is excessive, a court must use an objective standard. Kingsley v. Hendrickson, 576 U.S. 389, 396 (2015).  In other words, to state a viable excessive force claim, a pre-trial detainee need only show that the force that was purposely or knowingly used against him was objectively unreasonable. Id. at 396-97. "A court must make this determination from the prospective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight.: Id. at 397 (citation omitted).

A court must also "account for the legitimate interests that stem from the government's need to manage the facility in which the individual is detained, appropriately deferring to policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security." Id. at 397 (internal quotation marks omitted) (citing Bell v. Wolfish, 441 U.S. 520, 540, 547 (1979)).  Furthermore, in the absence of an express intent to punish, a pre-trial detainee can prevail by showing that the actions taken are not rationally related to a legitimate, non-punitive governmental purpose. Kingsley, 576 U.S. at 398 (citation omitted).

B. Failure to Protect

A pretrial detainee is not protected by the Eighth Amendment's Cruel and Unusual Punishment Clause because he has not been convicted of a crime.  Cortez v. Hart, No. 22-CV- 06023 EJD (PR) 2023 WL 2652241, at *2 (N.D. Cal. Mar. 27, 2023), (citing see Bell, 441 U.S. at 535 & n.16).  A pretrial detainee instead is protected from punishment without due process under the Due Process Clause of the Fourteenth Amendment. Id.  (citing United States v. Salerno, 481 U.S. 739, 746-47 (1987)); see Bell, 441 U.S. at 535-36 (citations omitted).

Under both clauses, however, an inmate bringing a failure-to-protect claim must show that the prison official acted with deliberate indifference. Id. (citing Castro v. County of Los Angeles, 833 F.3d 1068 (9th Cir. 2016)).

Although a convicted prisoner must prove an individual defendant's subjective awareness of a risk of harm in order to prevail on a failure-to-protect claim under the Eighth Amendment, a pretrial detainee need not do the same in order to prevail on a failure-to-protect claim under the Fourteenth Amendment. Id. (citing Castro, 833 F.3d at 1068-70 (holding that objective standard of Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015) applicable to excessive force claims brought by pretrial detainees, also applies to failure-to-protect claims brought by pretrial detainees)).

Specifically, a pretrial detainee need not "prove an individual defendant's subjective intent to punish in the context of a . . . failure-to protect claim." Castro, 833 F.3d 1060, 1070 (9th Cir. 2016). A pretrial detainee who asserts a due process claim for failure to protect instead must prove "more than negligence but less than subjective intent -- something akin to reckless disregard." Castro, 833 F.3d at 1071.

The elements of a pretrial detainee's due process failure-to-protect claim against an individual officer are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro, 833 F.3d at 1071 (footnote omitted). With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and

6

1  circumstances of each particular case.  Id. (citing Castro, 833 F.3d at 1071 (citing Kingsley,
2  576 U.S. at 396-97)); see, e.g., Castro, 833 F.3d at 1071-73 (substantial evidence supported jury's
3  verdict for plaintiff on failure-to-protect claim where defendants understood that placing
4  intoxicated plaintiff in a cell with an enraged and combative inmate, when the cell had no audio or
5  video surveillance and only occasional monitoring, could lead to serious violence against
6  plaintiff).

         C.  Supervisorial Liability (Respondeat Superior)

8       Government officials may not be held liable for the actions of their subordinates under a
9  theory of respondeat superior.  Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in
10 Section 1983 suits); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (stating liability under
11 Section 1983 only arises upon showing of personal participation by defendant).  Generally
12 speaking, a supervisor is liable for his own individual acts or omissions.  Iqbal, 556 U.S. at 677.
13 "A supervisor is only liable for constitutional violations of his subordinates if he participated in or
14 directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880
15 F.2d at 1045 (brackets added).  For example, a supervisor could be liable under Section 1983 if he
16 set in motion a series of act by others . . . which he knew or reasonably should have known,
17 would cause others to inflict the constitutional injury."  Larez v. City of Los Angeles, 946 F.2d
18 630, 646 (9th Cir. 1991); McRorie v. Shimoda, 795 F.2d 780, 783 (1986).

19      Importantly, "Conclusory allegations that various prison officials knew or should have
20 known about constitutional violations occurring against plaintiff simply because of their general
21 supervisory role are insufficient to state a claim under 42 U.S.C. § 1983." Sullivan v. Biter, No.
22 15-cv-00243, 2017 U.S. Dist. LEXIS 65165, 2017 WL 1540256, at *1 (E.D. Cal. Apr. 28, 2017)
23 (first citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611
24 (1978); and then citing Starr, 652 F.3d at 1207)Miles v. Cty. of Alameda, No. 3:22-cv-06707-
25 WHO, 2023 U.S. Dist. LEXIS 228061, at *42 (N.D. Cal. Dec. 21, 2023)

26      To assert an individual-capacity claim against a supervisory official based on a failure-to-
27 train theory, the plaintiff must show that the official was deliberately indifferent to the need to
28 train subordinates, and the lack of training actually caused the constitutional harm. Flores v.

7

County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014). The plaintiff must allege [*20] facts showing that the supervisory official "disregarded the known or obvious consequence that a particular omission in [the] training program" would cause police officers to violate the constitutional rights of individuals. Id. (quoting Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011)).Loftis v. Salcedo, No. 2:18-cv-03263 JFW (GJS), 2019 U.S. Dist. LEXIS 175843, at *19-20 (C.D. Cal. Sep. 11, 2019)

In Corales v. Bennett, 567 F.3d 554 (9th Cir. 2009), the Ninth Circuit clearly affirmed this position when twenty years after its decision in Taylor, it stated:

> Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.

### D. Failure to Train

In order to assert an individual-capacity claim against a supervisory official based on a failure-to-train theory, the plaintiff must show that the official was deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm. Flores v. County of Los Angeles, 758 F.3d 1154, 1159 (9th Cir. 2014). The plaintiff must allege [*20] facts showing that the supervisory official "disregarded the known or obvious consequence that a particular omission in [the] training program" would cause police officers to violate the constitutional rights of individuals. Id. (quoting Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 179 L. Ed. 2d 417 (2011)).Loftis v. Salcedo, No. 2:18-cv-03263 JFW (GJS), 2019 U.S. Dist. LEXIS 175843, at *19-20 (C.D. Cal. Sep. 11, 2019)

### V.   DISCUSSION

#### A. Allegations Which State a Claim

##### 1. Claim One: Excessive Force

Plaintiff has raised viable Fourteenth Amendment[1] excessive force claims against

---

[1] In Claims One and Two, Plaintiff alleges that his Fifth, Eighth and Fourteenth Amendment

8

Defendants Calderon, Scotty, and Osuna. Defendant Calderon pinning Plaintiff against the wall, then slamming him face first into it with such force that two of Plaintiff's teeth were chipped; Defendants Scotty, Osuna, and Calderon then dragging Plaintiff into a holding cell, where Defendant Scotty then slammed Plaintiff's head into the wall multiple times; Defendants then piling on top of Plaintiff while Defendant Osuna kicked Plaintiff in his genitals multiple times – all while Plaintiff was handcuffed and shackled in wrist, belly, and ankle chains (see ECF No. 14 at 3) – clearly demonstrates that the force used against Plaintiff was purposeful and objectively unreasonable. See Kingsley, 576 U.S. at 396. Therefore, Defendants will be ordered to file a response to this claim.

### 2.   Claim One:  Failure to Protect

Construing the complaint liberally,[2] the above-stated actions of Defendants Calderon, Scotty, and Osuna also violated Plaintiff's right to be protected while he was being detained. The facts as alleged show that each of the three Defendants made an intentional decision with respect to the conditions under which Plaintiff was confined – here, having Plaintiff shackled in wrist, belly, and ankle chains. In that state – i.e., completely defenseless – Plaintiff was put at substantial risk of suffering serious harm. In addition, Defendants did not take reasonable measures to abate Plaintiff's risk despite the fact that a reasonable officer in those circumstances would have appreciated the high risk of injury to Plaintiff as they beat him while he was fully restrained. Finally, as a result of Defendants not taking reasonable measures to abate Plaintiff's risk of harm, they caused Plaintiff's injuries. See generally Castro, 833 F.3d at 1071. For these reasons, Defendants will be ordered to file a response to this claim as well.

### B.  Claim Two: Does Not State a Claim

---

rights have been violated. See ECF No. 14 at 3-4. However, because neither the Fifth, nor the Eighth Amendments are applicable in this case, and Plaintiff makes no specific arguments with respect to the two Amendments, the Court does not address this incredibly vague assertion of Plaintiff's in this screening.

[2] This court is obligated to liberally construe the pleadings of pro se litigants. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers).

9

Claim Two fails to state a viable Fourteenth Amendment failure to protect claim against Tulare County Sheriff, Defendant Boudreaux. As with Plaintiff's first amended complaint, he names Defendant Boudreaux as a party to this case. Compare ECF No. 12 at 1 (Plaintiff's FAC), with ECF No. 14 at 2 (Plaintiff's SAC). However, in Claim Two, when Plaintiff is asked to provide supporting facts for his claim that Defendant Boudreaux has violated his right to be protected, all Plaintiff writes is the following: "I have a right to be protected by the sheriff who neglected to even look into the abuse being done by his staff and employees and fellow officers he neglected his duties to protect those within his care placed in his institution." ECF No. 14 at 4 (errors in original). If by this statement Plaintiff is asserting that Defendant Boudreaux failed to properly train/supervise his staff, this naked assertion is not enough. See, Loftis v Salcedo, 2019 US Dist Lexis 175843.

Nor is there anything in Claim Two that asserts that Defendant Boudreaux actively participated in the beating that Defendants Scotty, Osuna, and Calderon gave Plaintiff. See generally ECF No. 14 at 4. In addition, nothing in Claim Two alleges that Defendant Boudreaux instructed or directed Defendants Calderon, Scotty, and Osuna to beat Plaintiff, or that he even knew that the beating was happening. See generally id.; see also Taylor, 880 F.2d at 1045.

Therefore, Defendant Boudreaux cannot be held liable for the harm that Defendants Calderon, Scotty, and Osuna caused to Plaintiff. The fact that Defendant Boudreaux happened to manage the jail does not make him automatically liable under a theory of supervisorial liability. See Iqbal, 556 U.S. at 676.

For these reasons, Plaintiff has failed to state a cognizable claim against Defendant Boudreaux for failure to train/supervise his employees, or to protect Plaintiff from being beaten by Defendants Calderon, Scotty, and Osuna. Therefore, the claim cannot be served on Defendant Boudreaux. On the contrary, given that Plaintiff has been given two opportunities to raise a valid failure to protect claim against Defendant Boudreaux, and he has failed to do so, this leads the Court to find that providing Plaintiff with yet another opportunity to amend the complaint would be futile. See Wheeler v. City of Santa Clara, 894 F.3d 1046, 1059 (9th Cir. 2018) (stating grant of leave to amend is properly denied if amending complaint would be futile); Carrico v. City &

Cty. of San Francisco., 656 F.3d 1002, 1008 (9th Cir. 2011) (stating dismissal of complaint without leave to amend is permissible if amendment would be futile).  Therefore, the undersigned will recommend that Claim Two that has been raised against Defendant Boudreaux be dismissed from this case.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall randomly ASSIGN a District Judge to this matter;

2. In accordance with 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the Court has screened the second amended complaint (ECF No. 14) and found the service of it appropriate with respect to certain Defendants;

3. Plaintiff's second amended complaint raises cognizable Fourteenth Amendment excessive force and failure to protect claims (Claim One) against the following Defendants, all of whom were employed at the Tulare County Jail at the time of the incidents in question:

- **Scotty,** a sergeant deputy;
- **Osuna,** a deputy;
- **Calderon,** a deputy;

4. As such, these Defendants may be served.  If a Defendant either waives service or is personally served, he is required to reply to the complaint.  42 U.S.C. § 1997e(g)(2), and

5. Plaintiff's second amended complaint fails to raise a cognizable claim (Claim Two) against Defendant Boudreaux, the Sheriff of Tulare County Jail.

IT IS THEREFORE RECOMMENDED that Plaintiff's claim against Defendant Boudreaux, Claim Two of the second amended complaint, be DISMISSED for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff

wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **September 24, 2025**                    **/s/ Gary S. Austin**
                                                 UNITED STATES MAGISTRATE JUDGE